# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY-DAVIDSON CREDIT CORPORATION, | CASE NO. 1: 12-cv-02077-AWI-BAM |
| Plaintiff, | **ORDER STAYING ACTION AS TO DEFENDANT JERRY KUTUMIAN; REQUEST FOR ADDITIONAL BRIEFING AS TO DEFENDANT ZOVINAR DEVELOPMENT, LLC** |
| vs. | |
| JERRY KUTUMIAN and ZOVINAR DEVELOPMENT, LLC, | |
| Defendants. | |

In light of Defendant Jerry Kutumian's Notice of Filing of Bankruptcy (Doc. 28), pursuant to 11 U.S.C. § 362, the Court STAYS this action with respect to Defendant Kutumian. However, the Court questions whether it may proceed against Defendant Zovinar Development, LLC. Pursuant to 11 U.S.C. § 362, the filing of the bankruptcy petition operates as an automatic stay of this action against Jerry Kutumian. *See* 11 U.S.C. § 362(a). However, Section 362 does not automatically stay this action as to the other, non-bankrupt defendant, Zovinar Development, LLC. *See Ingersoll–Rand Financial Corp. v. Miller Mining Co. Inc.*, 817 F.2d 1424, 1427 (9th Cir.1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants.")

Nonetheless, the Court does have the authority to stay the entire action. *See Zurich Amer. Ins. Co. v. Trans Cal Associates*, 2011 WL 6329959, at *2–3 (E.D. Cal. Dec.16, 2011) (explaining the "unusual circumstances" exception and ultimately staying the action as to non-bankrupt co-defendants

pursuant to the court's inherent authority). "The courts have carved out limited exceptions [to the general rule that stays pursuant to § 362(a) are limited to debtors and do not include non-bankrupt co-defendants] where: (1) 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor,' or (2) extending the stay against codefendants 'contributes to the debtor's efforts of rehabilitation.'" *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 n. 3 (9th Cir. 1993) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986); *Matter of S.I. Acquisition*, 817 F.2d 1142, 1147 (5th Cir.1987)) (citations omitted); *see also, Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2nd Cir. 2003) (staying the proceedings against not only the debtor individual defendant, but also the non-debtor corporation co-defendant that was wholly owned by him because the "claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate").

The Court is inclined to extend the automatic stay to co-defendant Zovinar Development, LLC. It appears there is such an identity between Kutumian and Zovinar Development, LLC that Kutumian may be said to be the real party defendant and that a judgment against Zovinar Development, LLC will in effect be a judgment or finding against Kutumian.  In this respect, a claim against Zovinar Development, LLC will have an immediate adverse economic consequence for Kutumian's estate, or would otherwise infringe on Kutumian's efforts of rehabilitation.

No later than July 24, 2013, Plaintiff shall inform the Court whether Plaintiff believes this case should be stayed with respect to Zovinar Development, LLC.  If Plaintiff believes this case should proceed against Defendant Zovinar Development, LLC, Plaintiff shall submit a brief that explains, with supporting legal authority, why the stay should not be extended to Zovinar Development, LLC.  The brief shall not exceed ten (10) pages in length.

IT IS SO ORDERED.

Dated: __July 17, 2013__          __/s/ Barbara A. McAuliffe__
                                                    UNITED STATES MAGISTRATE JUDGE

2