**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY-DAVIDSON CREDIT CORPORATION., <br><br> Plaintiff, <br><br> v. <br><br> JERRY KUTUMIAN and ZOVINAR DEVELOPMENT, LLC, <br><br> Defendants. | Case No. 1:12-cv-2077 AWI-BAM <br><br> FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT <br><br> (Doc. 9) |

On July 8, 2013, Plaintiff Harley-Davidson Credit Corporation ("Plaintiff" or "Harley-Davidson") filed a Motion for Default Judgment against Defendants Zovinar Development, LLC and Jerry Kutumian (collectively "Defendants"). (Doc. 24). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for August 16, 2013. For the following reasons, Plaintiff's Motion for Default Judgment should be **GRANTED IN PART.**

## BACKGROUND

Defendant Zovinar Development, LLC is a Delaware limited liability company with its principal place of business in Fresno, California. Plaintiff's Complaint ("Compl.") at ¶ 2, Doc. 1. Its sole member is co-defendant Jerry H. Kutumian. Compl. ¶ 3. After Defendants failed to file a responsive pleading to Plaintiff's Complaint, default was entered against Defendant Zovinar on

April 29, 2013. (Doc. 16).  Default was entered against Defendant Jerry Kutumian on May 8, 2013. (Doc. 20).  On July 15, 2013, Defendant Jerry Kututmian filed a Notice of Bankruptcy indicating that he initiated bankruptcy proceedings on July 3, 2013 with the filing of a Chapter 7 Petition in the United States Bankruptcy Court for the Eastern District of California. (Doc. 28).  Thereafter, this Court stayed the suit against Defendant Kutumian pursuant to 11 U.S.C. § 362 (Doc. 28, 30) and ordered Plaintiff to file a brief outlining the effect of Defendant Jerry Kutumian's bankruptcy proceeding on Plaintiff's Motion for Default Judgment.  (Doc. 30).  Having reviewed Plaintiff's supplemental briefing, the Court concludes that Plaintiff's Motion for Default Judgment may proceed against Defendant Zovinar.[1]

The action against Defendants arises out of the breach of a loan agreement. According to the complaint, on November 20, 2007, Plaintiff and Zovinar entered into Loan Agreement through which Eaglemark Savings Bank extended credit to Zovinar for the purchase of a Cessna 500 aircraft to be owned and titled in the name of Zovinar.  Compl. ¶ 3.  By an Aircraft Secured Promissory Note ("Promissory Note") dated November 20, 2007, Eaglemark lent Zovinar the sum of $610,000.00 in exchange for Zovinar's promise to repay the loan with interest in the amount of 6.780% from the

---

[1] Pursuant to 11 U.S.C.S. § 362, the filing of the bankruptcy petition operates as an automatic stay of this action against debtor Jerry Kutumian. 11 U.S.C.S. § 901(a). However, § 362 does not automatically stay this action as to the other, non-bankrupt defendant, Zovinar, LLC.  *See Ingersoll—Rand Financial Corp. v. Miller Mining Co. Inc*., 817 F.2d 1424, 1427 (9th Cir. 1987). Nonetheless, the stay may apply to a non-bankrupt co-defendant, such as Zovinar, LLC, in special circumstances where: (1) 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor,' or (2) extending the stay against codefendants 'contributes to the debtor's efforts of rehabilitation.'" *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 n. 3 (9th Cir. 1993) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).  Here, the Court ordered Plaintiff to brief whether the special circumstances exception should apply to Zovinar, LLC. Upon review the case law, as well as the brief submitted by Plaintiff, the Court finds that the stay should not be extended to Zovinar, LLC.  Bankruptcy filings by individual members of an LLC are not treated as special circumstances that would extend bankruptcy protection to the related LLC. *See J & J Sports Prods. v. Paolilli*, 2011 U.S. Dist. LEXIS 143884 (E.D. Cal. Dec. 14, 2011) (default judgment allowed to proceed against non-bankrupt LLC formed by debtor); *see also Kreisler v. Goldberg*, 478 F.3d 209, 212 (4th Cir. 2007) (Parent LLC's bankruptcy did not stay proceedings against subsidiary LLC); *In re O'Brien*, 2011 Bankr. LEXIS 5067, 2011 WL 6754095 (Bkrtcy.D.Conn. 2011) (LLC bankruptcy does not protect principals); *In re Robert F. Youngblood Const. Co*., 2012 Bankr. LEXIS 1214, 2012 WL 987751 (Bkrtcy. E.D.N.C., 2012)(automatic stay as to LLC in bankruptcy does not extend to principals); *In re Calhoun*, 312 B.R. 380, 383 (Bankr. N.D. Iowa 2004) (denying the extension of the automatic stay to a chapter 7 debtor's limited liability company). Further, even where special circumstances are found to exist, the weight of authority holds that it is the bankruptcy court that must extend the automatic stay [pursuant to 362(a)], not this court." *Zurich Am. Ins. Co. v. Trans Cal Assocs.,* 2011 U.S. Dist. LEXIS 145080, *7 (E.D. Cal. Dec. 15, 2011).   Accordingly, Plaintiff's Motion may properly proceed against Zovinar despite the stay of proceedings against individual defendant, Kutumian.

date of the Promissory Note, and to pay such principal and interest in 180 scheduled consecutive and equal installments of $5,408.10 on the 20th day of each month, beginning December 20, 2007, and continuing every month until the final installment. *See* Declaration of Amy Kaffen ("Kaffen Decl."), Ex. 2 (Doc. 24-2 at ¶ 4). That Promissory Note was subsequently assigned to Plaintiff. Kaffen Decl. ¶ 4. Also on November 20, 2007, Defendant Jerry H. Kutumian executed a personal guaranty of the Promissory Note and the Aircraft Security Agreement. *Id.* at ¶ 6.

Zovinar later received permission from Plaintiff to sell the Cessna 500 without encumbrances and on June 22, 2012, Zovinar sold the aircraft free of Plaintiff's lien for $80,000.00. *Id.* at ¶ 8. The proceeds of the sale were applied to the obligations owed by Zovinar but were insufficient to satisfy the full debt amount. After the sale of the aircraft, Zovinar owed a remaining balance of $520,773.66 under the Loan Agreement including allowable expenses to Plaintiff. *Id.* at ¶ 11.

In a letter dated June 25, 2012, Plaintiff demanded that Zovinar pay the amount due on the loan. *Id*. at ¶ 12. Defendant Kutumian, as a guarantor, was also copied on this demand letter. *Id*. at ¶ 13. To date, Zovinar has failed to pay the remaining balance under the terms of the Loan Agreement. Defendant Kutumian has also failed to cure Zovinar's default under the Promissory Note and the Aircraft Security Agreement pursuant to the terms of the Guaranty.

Plaintiff filed a complaint on December 21, 2012, against Defendants. (Doc. 1). Zovinar was served on March 4, 2013 and its answer was due by March 25, 2013. (Doc. 11). On April 29, 2013, after Zovinar failed to answer or otherwise defend against this action and upon Plaintiff's request, the Clerk entered default against Zovinar. (Docs. 15, 16).

Plaintiff now moves for default judgment against Defendant Zovinar in the amount of $520,773.66 for breach of contract. (Doc 24-4). Although the complaint lists two additional claims against Defendant Kutumian, these proceedings are stayed against him pursuant to 11 U.S.C. § 362. Zovinar has not opposed this motion or otherwise defended this lawsuit. The Court has reviewed the motion, the exhibits and affidavits, and the applicable law, and is sufficiently advised on the issues involved.

3

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. FED. R. CIV. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, MOORE'S FEDERAL PRACTICE § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted)).

**DISCUSSION**

**A.    Service of Process and Jurisdiction**

As a preliminary matter, the Court must first "assess the adequacy of the service of process on the party against whom default is requested." *Bd. of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Dec. 29, 2000). Service may be effected upon a corporation in the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

4

On March 4, 2013, Plaintiff properly served Zovinar with the complaint and summons via its managing agent Robin Brooks in Delaware. *See* Declaration of Linda Wong ("Wong Decl.") at ¶ 2 (Doc. 24-1); (Doc. 11-1). Zovinar's answer was due by March 25, 2013. *Id*. Zovinar failed to answer and on April 29, 2013, the clerk entered default. (Doc. 16). The Court finds that service was proper in this case.

Additionally, the Court must also assess whether it may exercise jurisdiction over this action. *In re Tuli*, 172 F.3d 707, 712 (9th Cir.1999). The allegations in the complaint are sufficient to establish subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff and Defendant are citizens of different states: Plaintiff is a corporation, incorporated in and with its principal place of business in Nevada. Compl. ¶ 4. Zovinar is a corporation, organized and incorporated in Delaware with its principal place of business in Fresno, California. Compl. ¶ 5. The amount in controversy exceeds $75,000 exclusive of interest and costs. The Court finds that jurisdiction is proper in this case.

**B.     The Eitel Factors**

Having considered the *Eitel* factors as discussed below, the Court finds that default judgment is appropriate as to Plaintiff's claims against Zovinar.

**1.     Substantive Merits and the Sufficiency of the Complaint**

The Court considers the merits of Plaintiff's substantive claims and the sufficiency of the complaint together because of the relatedness of the two inquiries. As seen below, the Court finds that Plaintiff's breach of contract claim has been sufficiently plead and has substantive merit. These two factors thus weigh in favor of granting Plaintiff's motion. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175.

**i.     Breach of Contract**

Plaintiff's sole claim against Zovinar is for breach of contract. In California, to establish a breach of contract claim, a plaintiff must plead: (1) the existence of contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damage to plaintiff resulting from the breach. *Craigslist, Inc. v. Naturemarket, Inc*., 694 F.Supp.2d 1039, 1059 (N.D. Cal. 2010).

According to the complaint, Plaintiff entered into a written loan agreement with Zovinar, in which Plaintiff agreed to lend Zovinar $610,000.00 in exchange for Zovinar's promise to repay the loan with interest. Pursuant to the Loan Agreement, Plaintiff extended credit to Defendants, and accordingly Defendant purchased its aircraft. Thereafter, Zovinar sold the aircraft but the sale was insufficient to satisfy all amounts due. Compl. ¶ 15. After Zovinar failed to make additional payments on the loan, Plaintiff sent Zovinar a demand letter detailing the amount due. Despite the demand, Zovinar has failed to pay the remaining amount owed. Compl. ¶¶ 16-19.

Plaintiff has alleged the existence of an agreement and Plaintiff's performance of that agreement by furnishing the loan. Plaintiff has also alleged Zovinar's breach of the agreement by failing to make payments pursuant to the Loan Agreement, resulting in damage to Plaintiff. Compl. ¶¶ 11-25. Plaintiff has sufficiently stated a breach of contract claim.

**2.  Possibility of Prejudice to Plaintiff**

*Eitel* requires that the Court consider whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. *See PepsiCo, Inc*., 238 F. Supp. 2d at 1177. Here, Plaintiff would face prejudice if the Court did not enter a default judgment. Absent entry of a default judgment, Plaintiff would be without recourse for recovery given Zovinar's failure to participate in this litigation in any fashion. Accordingly, this *Eitel* factor favors the entry of default judgment.

**3.  The Sum of Money at Stake in the Action**

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." *PepsiCo, Inc*., 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks total damages of $520,773.66. This represents the amount unpaid by Zovinar of $534,158.60 in principal, $24,408.56 in past-due interest, and $38,193.50 in expenses, less a credit amount of $80,000 that resulted from the sale of the aircraft. Wong Decl. ¶ 8. Although the sum of money at stake is significant, the requested damages are well supported by the evidence. Here, Plaintiff is requesting the amount that is owed on the loan and allowable expenses. Given that the amount at stake is proportionate to the harm and there are documents supporting the amount

requested this factor does not weigh against the entry of default judgment. *See Truong Giang Corp. v. Twinstar Tea Corp.*, 2007 U.S. Dist. LEXIS 100237, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007) (When the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions and supported by proper documentation and evidence in the record, default judgment is appropriate).

### 4. The Possibility of a Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-plead allegations and declarations with exhibits in support. Here, the Court may assume the truth of well-plead facts in the complaint following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. Zovinar's failure to file an answer in this case or a response to the instant motion further supports the conclusion that the possibility of a dispute as to material facts is minimal. *See*, *e.g.*, *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

### 5. Whether the Default Was Due to Excusable Neglect

Upon review of the record before the Court, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Given the supporting documentation submitted by Plaintiff, there is no evidence that Defendant's failure to participate in the litigation is due to excusable neglect. Plaintiff served Zovinar with the summons and complaint through its managing agent Robin Brooks on March 5, 2013. Zovinar is a corporate entity and accordingly is not an infant or incompetent person. Zovinar thus had notice and opportunity to appear in this litigation before Plaintiff moved for default judgment. Accordingly, this *Eitel* factor favors the entry of a default judgment.

### 6. The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo,*

*Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Accordingly, although the Court is cognizant of the policy favoring decisions on the merits—that policy is unavailable here because Zovinar has not responded.  This factor does not weigh against entry of default judgment.

Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry of default judgment against Zovinar. The Court therefore recommends that Plaintiff's Motion for Default Judgment should be GRANTED.

## C. **Damages**

A party's default conclusively establishes that party's liability; however it does not establish the amount of damages.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (*per curiam*).  Therefore, the Court must consider the question of damages separately. Entry of a default judgment for money is appropriate if "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing is necessary when documents show that the judgment amount is based upon a definite figure); *see also* Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment).

Plaintiff has established through exhibits that on November 20, 2007, Defendant Zovinar signed a promissory note for an aircraft loan in the amount of $610,000.00. Promissory Note, Ex. A, Doc. 24-2.  Plaintiff has also established, by way of Amy Kaffen's declaration in support of the motion for default judgment, that as of July 8, 2013, Defendant Zovinar owed to Plaintiff: $534,158.60 in principal; past-due interest in the amount of $24,408.56; $400.00 in late charges; and allowable expenses including a State of California Tax Lien in the amount of $3,613.00, and a mechanic's lien settlement in the amount of $38,193.50, less a credit in the amount of $80,000.00 for the sale of the aircraft. Wong Decl. ¶ 11.  The total amount of damages is $520,773.66.  Plaintiff has therefore established, independently of the complaint, the amount of damages owed as a result of the default judgment.

**CONCLUSION**

Based on consideration of the declarations, pleadings, and exhibits to the present application, the Court RECOMMENDS as follows:

1. Plaintiff's Motion for Default Judgment against Defendant ZOVINAR DEVELOPMENT, LLC be GRANTED IN PART;

2. Judgment be entered in favor of Plaintiff HARLEY-DAVIDSON CREDIT CORPORATION and against Defendant ZOVINAR DEVELOPMENT, LLC, in the amount of $520,773.66 in total damages.

3. These proceedings are stayed against JERRY H. KUTUMIAN, an individual, pending the resolution of the bankruptcy proceeding. Plaintiff shall file a status report no later than February 13, 2014, outlining the status of the bankruptcy proceeding against this defendant, as well as its intentions regarding dismissal of claims. Failure to timely file the status report may result in the imposition of sanctions.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 19, 2013**          /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE